**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

Sarina Tolber,

        Plaintiff,

        v.

McDonalds Corporation, et al.,

        Defendants.

        Civil Action 2:25-cv-00536
        Chief District Judge Sarah D. Morrison
        Magistrate Judge Kimberly A. Jolson

<u>**ORDER AND REPORT AND RECOMMENDATION**</u>

This matter is before the Undersigned for consideration of Plaintiff's Motion for Leave to Proceed *in forma pauperis* and the initial screen of Plaintiff's Complaint (Doc. 1) under 28 U.S.C. § 1915(e)(2). Plaintiff's request to proceed *in forma pauperis* is **GRANTED**. All judicial officers who render services in this action shall do so as if the costs had been prepaid. *See* 28 U.S.C. § 1915(a). The Undersigned **RECOMMENDS**, however, that Plaintiff's Complaint (Doc. 1-1) be **DISMISSED**.

**I.**      **STANDARD**

Because Plaintiff is proceeding *in forma pauperis*, the Court must dismiss the Complaint, or any portion of it, that is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Courts also "understand § 1915(e)(2) to include screening for lack of subject matter jurisdiction." *Howard v. Good Samaritan Hospital*, No. 1:21-cv-160, 2022 WL 92462, at *2 (S.D. Ohio Jan. 10, 2022). If a court finds that that it lacks subject matter jurisdiction, it must dismiss the case. Fed. R. Civ. P. 12(h)(3); *see also Klepsky v. United Parcel Serv., Inc.*, 489 F.3d 264, 268 (6th Cir. 2007).

Otherwise, complaints by *pro se* litigants are to be construed liberally and held to less stringent standards than those prepared by attorneys. *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004). Nonetheless, "basic pleading essentials" are still required. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief" and providing "the grounds for the court's jurisdiction." Fed. R. Civ. P. 8(a)(1), (2); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (saying a complaint must have enough facts to give the defendant with "fair notice of what the . . . claim is and the grounds upon which it rests" (internal quotation omitted)).

At this stage, the Court must construe Plaintiff's Complaint in her favor, accept all well-pleaded factual allegations as true, and evaluate whether it contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. But the Court does not have "to accept as true a legal conclusion couched as a factual allegation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). At bottom, a pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

## II.   ANALYSIS

Plaintiff brings this action against McDonald's Corporation, McDonald's Restaurants, P.T.S. Inc., Arthur J. Gallagher & Co., and Gallagher Basset Services, Inc. (Doc. 1-1 at 1–2).

As alleged, Plaintiff visited a McDonald's restaurant in Pickerington, Ohio on June 27, 2023. (Doc. 1-1 at 3). She ordered a cup of hot tea with lemons in the drive-through lane. (*Id.*). After an employee handed her a cup of hot water and a tea bag at the pickup window, the employee asked Plaintiff to remove the lid to see whether the lemons were included in the order. (*Id.*). They were not. (*Id.*). Plaintiff put the tea bag into the cup of hot water "then sealed the lid back shut leaving only a small opening to place the lemons in when the [employee] returned." (*Id.* at 4).

2

The employee returned and advised Plaintiff that the restaurant was out of lemons. (*Id.*). Plaintiff says that the employee "never advised her to place the top back onto the beverage." (*Id.*).

As Plaintiff drove away from the restaurant, the hot tea spilled onto Plaintiff's car seat and leg, burning her. (*Id.* at 5 (also stating her minor child was burned)). She went to the emergency room, where she was diagnosed with first degree burns that she alleges were upgraded to second degree burns two days later. (*Id.*). At the emergency room, Plaintiff also says she was "forced" to take a TDAP vaccination "against her religious beliefs." (*Id.*). Plaintiff attributes continued mental and physical health problems to her burns and to the vaccination. (*Id.* at 5–6, 10). She also claims she "lost [custody of] her son, job, storage[,] and mental wellbeing" due to Defendants' "gross negligence." (*Id.* at 9).

It seems that Plaintiff reached out to McDonald's about the incident because an unidentified "hiring manager" instructed her to give her social security number to an insurance provider, Gallagher Basset Services, Inc. (*Id.* at 7). But Plaintiff alleges this organization was not actually McDonald's insurance provider, and that it, along with Arthur J. Gallagher & Co., "created an application in her likeness" that she "never benefited from." (*Id.* at 7–8).

For these alleged actions, Plaintiff brings claims under the Truth in Lending Act, the Racketeer Influenced and Corrupt Organizations Act ("RICO"), and state laws for bodily injury, negligence, defamation, and insurance fraud. (*Id.* at 12–14; *see also* Doc. 1-3 at 7). Plaintiff also brings claims for the collection of credit by extortionate means and making false and misleading representations, though it is not immediately clear under what federal or state statutes she brings these claims. (Doc. 1-1 at 12–14; Doc. 1-3 at 8). She asks for damages in the amount of $23,000,000 per Defendant, as well as $6,470,000 in attorney fees. (*Id.* at 14; Doc. 1-2 at 3–4). In the end, though, Plaintiff's Complaint should be dismissed in its entirety.

3

A.      **Plaintiff's Federal Claims**

For all of Plaintiff's claims alleged under federal law, she fails to state a claim upon which relief can be granted. The Court considers each.

To begin, Plaintiff alleges Defendant Gallagher Bassett Services, Inc. violated the Truth in Lending Act, 15 U.S.C. § 1601 *et seq.*, when it "failed to disclose to Plaintiff that she was completing a credit application for her injuries." (Doc. 1-1 at 13). Up front, Plaintiff's allegations involving this claim are fatally vague, confusing, and imbued with legal jargon. (*See* Doc. 1-1 (stating "an application was created and securitized. He who comes in equity must come with clean hands pursuant to the Clean Hands Doctrine.")). What's more, the Truth in Lending Act "governs credit transactions." *League v. Olds*, No. 3:13-CV-177, 2013 WL 829389, at *6 (M.D. Tenn. Mar. 5, 2013) (summarizing the statute and related regulations); *see also Inge v. Rock Fin. Corp.*, 281 F.3d 613, 619 (6th Cir. 2002) ("One of the primary purposes of [the Truth in Lending Act] is 'to assure a meaningful disclosure of credit terms so that the consumer will be able to compare more readily the various credit terms available to him and avoid the uninformed use of credit.'" (quoting 15 U.S.C. § 1601(a)). But Plaintiff fails to allege, in any coherent manner, that she "incurred a debt or consummated a credit transaction with any of the defendants." *League*, 2013 WL 829389, at *6. Even more, Plaintiff's interactions with Defendant Gallagher Bassett Services, Inc. seem to have occurred shortly after the hot tea incident in 2023. (Doc. 1-1 at 5 (email from Gallagher Basset Services, Inc. dated August 2023)). Therefore, Plaintiff's Truth in Lending claim is likely barred by the applicable statute of limitations. *Johnson v. Santander Consumer USA*, No. 2:17-CV-02937, 2018 WL 3061920 (W.D. Tenn. Apr. 6, 2018) ("The statute of limitations to bring a claim under [the Truth in Lending Act] or [the related regulations] is one year from the date of the occurrence of the violation."), *report and recommendation adopted*, No.

217CV02937JTFDKV, 2018 WL 2158778 (W.D. Tenn. May 10, 2018). For all these reasons, the claim should be dismissed.

Next, considering Plaintiff's civil RICO claim, she states this claim is premised on all the Defendants "conspir[ing] against Plaintiff to obtain her credit." (Doc. 1-1 at 12); *see also Hanson v. Jeff Schmitt Auto Grp.*, No. 3:24-CV-276, 2025 WL 1262575, at *4 (S.D. Ohio May 1, 2025) (noting 18 U.S.C. § 1962 provides an avenue for private individuals to bring claims). And this claim is presumably connected to her allegations that an unidentified "hiring manager" told her to give her social security number to Gallagher Bassett Services, Inc., and that Defendants "monetized" an application "created in Plaintiff's likeness [that] she never benefited from." (*Id.* at 11–12). But these allegations are not enough to state a civil RICO claim. "

To plead a civil RICO claim, 'a plaintiff must allege (1) two or more predicate racketeering offenses, (2) the existence of an enterprise affecting interstate commerce, (3) a connection between the racketeering offenses and the enterprise, and (4) injury by reason of the above.'" *Hanson*, 2025 WL 1262575, at *5 (quoting *Grow Mich., LLC v. LT Lender, LLC*, 50 F.4th 587, 594 (6th Cir. 2022)); *see* 18 U.S.C. § 1962. Furthermore, "a plaintiff asserting such a claim must show an injury to [her] business or property in order to obtain relief." *Jacobs v. Ohio Dep't of Rehab. & Correction*, No. 2:08-CV-713, 2009 WL 1911786, at *4 (S.D. Ohio June 30, 2009) (citing *Lee v. Michigan Parole Bd.*, 104 Fed.App'x 490, 493 (6th Cir. 2004)).

Plaintiff alleges none of these requirements with the requisite specificity in any articulable manner the Undersigned can discern. Other than possibly a violation of 18 U.S.C. § 894, it is not clear what predicate racketeering offense(s) Defendants are meant to have engaged in. *See* 18 U.S.C. § 1961 (listing the predicate racketeering offenses). And even if she adequately alleged two or more requisite offenses, Plaintiff's allegations of either an enterprise or a connection

between any racketeering offenses and an enterprise are conclusory at best and absent at worst. What's more, Plaintiff's Complaint fails to allege an injury to her business or property. Rather, she says she "sues for damages" for "pain and suffering, mental health struggles, and loss of life's enjoyment." (Doc. 1-1 at 10). These damages are not recoverable under civil RICO. *See Jacobs*, 2009 WL 1911786, at *5 ("Recovery for physical injury or mental suffering is not permitted under civil RICO because these types of harm do not concern business or property."). Accordingly, Plaintiff fails to state a claim of civil RICO upon which relief may be granted.

Next, Plaintiff alleges Defendant McDonald's Restaurant P.T.S., Inc. engaged in the collection of extensions of credit by extortionate means, potentially in violation of 18 U.S.C. § 894. (*See* Doc. 1-1 at 12–13; *see also* Doc. 1-3 at 8). However, 18 U.S.C. § 894 is a criminal statute. *West v. Bank of Am., N.A.*, No. CV 23-143, 2023 WL 4032652 (E.D. Pa. June 15, 2023). As a private citizen, Plaintiff cannot sue anyone criminally. *Kelly v. City of New Phila.*, No. 5:11-cv-474, 2011 WL 3705151, at *2–3 (N.D. Ohio Aug. 22, 2011) (quoting *United States v. Oguaju*, 76 F. App'x 579, 581 (6th Cir. 2003)). And "[w]here a plaintiff has no private right of action, a plaintiff has not stated a claim upon which relief can be granted." *Flood v. Reed*, No. 2:16-cv-778, 2017 WL 1021364, at *3–4 (S.D. Ohio Mar. 16, 2017) (citing *Kafele v. Frank & Woolridge Co.*, 108 F. App'x. 307, 308–09 (6th Cir. 2004)). Accordingly, this claim should also be dismissed.

Finally, Plaintiff states that Arthur J. Gallagher & Co. and Gallagher Basset Services, Inc. have made "false and misleading representations" because they are "posing as an insurance provider [but] they are [] insurance brokers." (Doc. 1-1 at 13). Plaintiff does not name what federal statute she brings this claim under. While potentially this claim is brought pursuant to the Fair Debt Collection Practice Act, 15 U.S.C. § 1692e, Plaintiff has not alleged most of the requisite elements. *Mallory-Bey v. Malesia Invs., LLC*, No. 23-CV-10289-DT, 2023 WL 2087961 (E.D.

Mich. Feb. 17, 2023) ("'In order to establish a claim under § 1692e: (1) plaintiff must be a 'consumer' as defined by the Act; (2) the 'debt' must arise out of transactions which are 'primarily for personal, family or household purposes;' (3) defendant must be a 'debt collector' as defined by the Act; and (4) defendant must have violated '§ 1692e's prohibitions.'" (citation omitted)). And ultimately, it is not the Court's role to "ferret out the strongest cause of action on behalf of pro se litigants" or advise "litigants as to what legal theories they should pursue." *Young Bok Song v. Gipson*, 423 F. App'x 506, 510 (6th Cir. 2011). As such, this claim should likewise be dismissed.

### B. Plaintiff's State Claims

Plaintiff also alleges several state law claims, including bodily injury, negligence, defamation, and insurance fraud. But the Court has no diversity jurisdiction over these claims. Plaintiff, an Ohio resident, alleges McDonald's Restaurant, P.T.S., Inc. is also a citizen of Ohio. (Doc. 1-1 at 2, 15 (providing an Ohio address for this Defendant); Doc. 1-4 (providing an Ohio service address for this Defendant)). So, complete diversity as required by 28 U.S.C. § 1332(a) does not exist. *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 829 (1989) ("When a plaintiff sues more than one defendant in a diversity action, the plaintiff must meet the requirements of the diversity statute for each defendant or face dismissal."); *see also Graley-Russell v. Schooley*, No. 2:15-cv-2873, 2015 WL 5742112, at *1 (S.D. Ohio Oct. 1, 2015) (dismissing the complaint where the plaintiff and at least some of the defendants were citizens of the same state). For this reason, these claims cannot proceed in this Court and should also be dismissed.

## III.     CONCLUSION

For the foregoing reasons, the Undersigned **GRANTS** Plaintiff's Motion to Proceed *in forma pauperis.*  (Doc. 1).  The Undersigned **RECOMMENDS** that Plaintiff's Complaint (Doc. 1-1) be **DISMISSED.**

IT IS SO ORDERED.

Date: June 3, 2025                                        /s/ Kimberly A. Jolson
                                                                  KIMBERLY A. JOLSON
                                                                  UNITED STATES MAGISTRATE JUDGE

### <u>Procedure on Objections</u>

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s).  A Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made.  Upon proper objections, a Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence, or may recommit this matter to the Magistrate Judge with instructions.  28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo* and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).